# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

THE UNITED STATES OF AMERICA, f/u/b INTERGRATED CONSTRUCTION MANAGEMENT, INC.,

    Plaintiff,

v.

WOLVERINE FIRE PROTECTION, CO., and GREAT AMERICAN INSURANCE COMPANY,

    Defendants.

Case No. 3:25-cv-341-MMH-LLL

WOLVERINE FIRE PROTECTION, CO.,

    Defendant/Counter-Plaintiff,

v.

THE UNITED STATES OF AMERICA, f/u/b INTERGRATED CONSTRUCTION MANAGEMENT, INC.,

    Plaintiff/Counter-Defendant.

_____

GREAT AMERICAN INSURANCE COMPANY,

    Defendant/Counter-Plaintiff/
    Third Party Plaintiff,

v.

THE UNITED STATES OF AMERICA, f/u/b INTERGRATED CONSTRUCTION MANAGEMENT, INC., BELEN VALDA, HEATHER SPATTA, GERALDO VALDA, and DAVID SPATTA,

    Plaintiff/Counter-Defendant
    and Third Party Defendants.

## O R D E R

**THIS CAUSE** is before the Court sua sponte. On March 28, 2025, this case was transferred from the Orlando Division of the United States District Court for the Middle District of Florida to the Jacksonville Division of the Court and assigned to the undersigned. See Order (Doc. 40). Upon review of the record in this matter, and for the reasons stated on the record at a status conference held on April 10, 2025, the Court finds it appropriate to clarify the terms of the dismissal of certain claims previously dismissed. See Order (Doc. 38; Dismissal Order), entered on June 21, 2024.

In this construction litigation case, Plaintiff, United States of America f/u/b Intergrated Construction Management, Inc. (ICMI), filed suit against Defendants Great American Insurance Company (GAIC) and Wolverine Fire Protection, Co. (Wolverine). See Complaint (Doc. 1), filed on January 20, 2024. GAIC filed an answer, a counterclaim against ICMI, and third-party claims against four individuals, Geraldo Valda, Belen Valda, David Spatta, and Heather Spatta (the Valdas and the Spattas). See Great American Insurance Company's Answer and Affirmative Defenses to Plaintiff's Complaint, Counterclaim and Third-Party Complaint (Doc. 21; Counterclaim and Third-Party Complaint), filed on April 10, 2024. On June 14, 2024, GAIC filed a notice of settlement informing the Court that it reached a settlement with ICMI and the Spattas. See Notice of Settlement (Doc. 36). On June 19, 2024, invoking Rule 41(a)(1)(A)(ii), Federal Rules of Civil Procedure (Rule(s)), GAIC filed a Joint Stipulation of Dismissal with Prejudice (Doc. 37; Stipulation), stating that GAIC, ICMI, and the Spattas agreed to a dismissal, with prejudice, of all claims between them, with each party to bear its own attorney's fees. See Stipulation. Counsel for GAIC, ICMI, and the Spattas signed the Stipulation,

but counsel for Wolverine did not.[1] See Stipulation at 2. The Court then entered the Dismissal Order, in which the Court noted that the Stipulation was ineffective under Rule 41(a)(1)(A)(ii), but nevertheless dismissed ICMI's claim against GAIC and GAIC's claims against ICMI and the Spattas. See Dismissal Order at 2.

In an abundance of caution, the Court observes that the Stipulation, not signed by all parties who had appeared in the action, was properly construed by the Court as a request for dismissal by Plaintiff ICMI of its claim against GAIC and a request for dismissal by Counter-Plaintiff and Third-Party Plaintiff GAIC of its claims against ICMI and the Spattas under Rule 41(a)(2).[2] See

---

[1] The signature of the attorney for the Spattas (who also signed on behalf of ICMI) appears to mark the first time an attorney appeared for the Spattas in this case. No attorney was ever added to the docket as counsel of record for the Spattas.

[2] Rule 41(a) states:

(a) Voluntary Dismissal.
(1) *By the Plaintiff*.
(A) *Without a Court Order*. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
(ii) a stipulation of dismissal signed by all parties who have appeared.
(B) *Effect*. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
(2) *By Court Order; Effect*. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over

Sanchez v. Disc. Rock & Sand, Inc., 84 F.4th 1283, 1292 (11th Cir. 2023) (collecting cases).

Rule 41(a)(2) authorizes dismissal of claims at a plaintiff's request "on terms that the court considers proper." See Fed. R. Civ. P. 41(a)(2). Because in the Dismissal Order the Court does not specify the terms on which it considered dismissal to be proper, the Court confirms that no additional terms are necessary beyond those agreed to by the parties as reflected in the Stipulation. In the Stipulation, GAIC, ICMI, and the Spattas represent their agreement to settle all claims between them pursuant to a written settlement agreement. See Stipulation at 2. They agree that all such claims should be dismissed with prejudice. Id. And they agree that each of them will bear their own attorney's fees and costs. Id. Given the early stage of the litigation at which the parties reached an amicable resolution, the identification of terms regarding dismissal and attorney's fees and costs, and the existence of a written settlement agreement memorializing the parties' remaining obligations, the Court finds no

---

the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a) (emphasis added).

need for any additional terms of dismissal.[3]

**DONE AND ORDERED** in Jacksonville, Florida this 16th day of April, 2025, nunc pro tunc to June 21, 2024.

MARCIA MORALES HOWARD
United States District Judge

lc33

Copies to:
Counsel of Record

---

[3] The Court notes an additional reason to give effect to the terms of the Stipulation. At the status conference, counsel for Wolverine represented that Wolverine consents to the dismissal. Therefore, as no other parties who appeared in this matter failed to sign the Stipulation, Wolverine's belated consent complies with the spirit, if not the precise letter, of Rule 41(a)(1)(A)(ii).